IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BRIAN WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 5:16-CV-70 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Brian Williams, an inmate confined at the Barry Telford Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. *See* Docket No. 15. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. *See* Docket No. 17. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner argues the Magistrate Judge erred in finding the trial court did not abuse its discretion when it failed to appoint an Ebonics interpreter pursuant to Texas Code of Criminal Procedure art. 38.30. Docket No. 17 at 1–5. As outlined by the Magistrate Judge, the trial court, in denying petitioner's state habeas application, noted the court and petitioner communicated orally at the hearings and that petitioner filed handwritten pleadings in the English language. Docket No. 15 at 12–13. Article 38.30 requires an interpreter be sworn only when a defendant or witness does not understand and speak the English language. TEX. CODE. CRIM. PROC. art. 38.30(a); *see also Lucio v. State* 174 S.W.2d 234, 235 (Tex. Crim. App. 1943) (where a defendant converses freely with the court in English and testifies that he understands and

speaks such language, a court's failure to furnish an interpreter for the defendant while he was testifying is not error); *Flores v. States*, 509 S.W.2d 580, 580 (Tex. Crim. App. 1974) (refusing to grant motion requesting appointment of an interpreter was not error, notwithstanding allegation "that his speaking ability as to English is halting and not fluent," absent evidence that defendant could not and did not understand the English language during his trial). The Texas Court of Criminal Appeals denied this claim without a written order on the findings of the trial court without a hearing *Ex parte Williams*, No. WR084,367–01 (Tex. Crim. App.). Petitioner has failed to show the trial court abused its discretion and has also failed to show a federal constitutional violation. *Rubio Estelle*, 689 F.2d 533, 535 (5th Cir. 1983) (not due process violation when a defendant understands English).

Petitioner next objects to the finding of the Magistrate Judge that there was no prosecutorial misconduct. Petitioner alleges the prosecution withheld favorable evidence when the prosecution declined to turn over a report by the court-appointed psychologist. *Id*. Regardless of whether the mental-health report would have aided his attempt to get an interpreter, petitioner has failed to show the prosecution actually withheld the report. *Brady v. Maryland,* 373 U.S. 83, 87 (1963); *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972). Furthermore, petitioner has failed to demonstrate the report was material and favorable to his defense. *Id*. Petitioner has failed to show the state court's adjudication of this claim reflected an unreasonable applicable of Supreme Court precedent set out in *Brady* and *Morgan*. *See* § 2254(d)(1).

Petitioner finally objects to the finding of the Magistrate Judge that there was no judicial misconduct. Docket No. 17 at 6–8. Petitioner complains that after the trial court denied his speedy-trial application for pre-conviction habeas corpus relief on April 21, 2014, the court failed to include an order in the appellate record. *Id*. at 6–7. Petitioner states that when he attempted to appeal this denial, the appellate court dismissed the appeal for want of jurisdiction on June 5, 2014 on the grounds the record contained no order denying habeas corpus relief. *Id*. This alleged failure by the trial court allegedly deprived petitioner of the opportunity to appeal the denial of his habeas corpus application. *Id.* Second, petitioner complains that although he was proceeding pro se, the

trial court delivered exculpatory evidence to standby counsel and not petitioner himself. *Id*. at 8.

The Magistrate Judge found that petitioner did not exhaust the claim concerning the speedy-trial habeas application. Docket No. 15 at 20–21. On state habeas review, petitioner challenged the trial court's alleged erroneous denial of his out of time appeal - not the denial of his speedy-trial claim. *Id.* at 21. Thus, the claims raised in this Court were never presented to the state court system for review and the claims are procedurally defaulted. *Id*.

The Magistrate Judge also found, alternatively, that the claim lacks merit. Docket No. 15 at 21. First, a "judicial misconduct" claim does not raise a constitutional error as the claim complains the trial court did not follow state law. *See Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d at 710, 711 (5th Cir. 1986). Second, a speedy-trial claim raised by means of a postconviction application for habeas corpus is not cognizable by the trial court and not reviewable by means of an interlocutory appeal. *Ex parte Doster*, 303 S.W.3d at 724; *accord Ex parte Weise*, 55 S.W.3d at 620 (pretrial habeas cannot be used to assert constitutional right to a speedy trial); *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970) (claim that delay in the proceedings entitles the defendants to dismissal under the Sixth Amendment right to speedy trial cannot be raised by pretrial habeas corpus). Furthermore, by pleading guilty, petitioner waived any constitutional speedy-trial right. *See Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Williams v. Director*, 2010 WL 5085382 at *3 (E.D. Tex. Nov. 3, 2010 ("Petitioner's guilty plea precludes habeas review of his speedy trial claims"), Report and Recommendation Adopted, 2010 WL 5092720 (E.D. Tex. Dec. 7, 2010). Finally, to the extent petitioner had the right to appeal his speedy-trial claim in a postconviction appeal, the notice of appeal was filed more than two months late. Docket No. 15 at 23. Petitioner has failed to show trial court error.

Accordingly, petitioner's objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED this 31st day of October, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE